# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADRID MARCOS,<br><br>    Plaintiff,<br><br>    v.<br><br>H. ANGLEA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-2080-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Plaintiff Madrid Marcos is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 1, 2009 in the Northern District of California. The case was transferred to this Court on November 18, 2009. On November 30, 2009, the Court issued its First Informational Order outlining the general procedures associated with prosecuting a civil rights action. (ECF No. 10.) Plaintiff was ordered to complete the enclosed Order Re Consent or Request for Reassignment and return it to the Court within thirty days. (Id. at 9.) Plaintiff did not respond, and on January 20, 2010, the Court issued a second Order Re Consent or Request for Reassignment for Plaintiff to complete and return within thirty days. (ECF No. 11.) A third Order Re Consent or Request for Reassignment was issued on March 8, 2010; Plaintiff was to complete and return it within thirty days. (ECF No. 13.)

    The Court has yet to receive a completed consent form from Plaintiff.

    On May 4, 2010, the Court issued an Order to Plaintiff to show cause within thirty

days as to why his action should not be dismissed for failure to prosecute.[1] (ECF No. 15.) The Court warned Plaintiff that failure to comply with its order would result in dismissal of this action. (Id.) More than thirty days have passed, and Plaintiff has not responded to the Court's Show Cause Order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

---

[1] The Court notes that the Order to Show Cause was inadvertently filed twice. (ECF Nos. 15 & 16.)

1  Here, the Court finds that the public's interest in expeditiously resolving this litigation
2  and the Court's interest in managing the docket weigh in favor of dismissal.  The third
3  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
4  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
5  action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public
6  policy favoring disposition of cases on their merits—is greatly outweighed by the factors
7  in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
8  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
9  requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
10 1424.

11  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed
12 without prejudice for Plaintiff's failure to obey a court order.

13  These findings and recommendations are submitted to the United States District
14 Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).
15 Within thirty days after being served with these findings and recommendations, any party
16 may file written objections with the court and serve a copy on all parties.  Such a document
17 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
18 The parties are advised that failure to file objections within the specified time may waive
19 the right to appeal the District Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir.
20 1991).

22 IT IS SO ORDERED.
23 Dated:   July 15, 2010                      /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE